UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 17, 2019

LETTER TO COUNSEL

  RE: *Teresa B. v. Commissioner, Social Security Administration*;
     Civil No. SAG-18-2280

Dear Counsel:

On July 26, 2018, Plaintiff Teresa B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on December 28, 2015, alleging a disability onset date of December 11, 2015. Tr. 209-10. Her claim was denied initially and on reconsideration. Tr. 135-38, 140-41. A hearing was held on July 24, 2017, before an Administrative Law Judge ("ALJ"). Tr. 12-45. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 108-29. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "Lumbar Spine Degenerative Disc Disease, Status-Post Lumbar Spine Decompression, Asthma/Chronic Obstructive Pulmonary Disease, Left Knee Osteoarthritis, Headaches, Pelvic Abdominal Adhesive Disease, Hypertension, Obesity, Fibromyalgia, and Depression." Tr. 111. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally balance, kneel, stoop, crouch, crawl and climb ramps and stairs. She may not climb ladders, ropes, or scaffolds and should avoid workplace hazards, such as unprotected heights and dangerous, moving machinery. She should avoid concentrated exposure to extreme temperatures, humidity, and respiratory irritants, including fumes, dusts, odors, gases, and areas of poor ventilation. The claimant is limited to understanding, remembering and carrying out simple tasks. There should

>be no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other).

Tr. 117. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 126-28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 128-29.

Plaintiff raises four arguments on appeal: (1) that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ's assessment of Plaintiff's physical RFC was not based on substantial evidence; (3) that the ALJ erred in evaluating the medical opinion evidence; and (4) that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE was flawed and because the ALJ failed to resolve an apparent conflict between the VE testimony and the Dictionary of Occupational Titles. Although some of Plaintiff's arguments lack merit, I agree that the ALJ's analysis was inadequate for the reasons discussed below. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### I. Mascio

First, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listing relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the

claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had a moderate limitation in maintaining concentration, persistence, or pace. Tr. 116. However, this case is distinguishable from *Mascio*, because the ALJ included an RFC provision limiting Plaintiff to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." Tr. 117. In two recent cases, *Thomas v. Berryhill*, and *Perry v. Berryhill*, the Fourth Circuit has remanded cases in which the ALJ used phrases in the RFC similar to work not at a "production-rate pace," without providing further explanation or definition of that phrase. *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that ALJ's failure to define "production rate or demand pace" frustrated appellate review); *Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___, 2019 WL 1092627, at *3 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, however, the ALJ provided a clear explanation of the "production-rate pace" limitation. Considering the ALJ's explanation, the RFC adequately accounted for Plaintiff's limitation in concentration, persistence, or pace.

II. **Physical RFC Analysis**

Plaintiff next argues that the ALJ's conclusion in the RFC analysis that Plaintiff was capable of performing a modified range of light work was not supported by substantial evidence. The ALJ made a clear error when assessing the opinions of the State agency consultant. Tr. 123. The ALJ assigned "partial weight" to the State agency consultant at the initial level, whom the ALJ claimed limited the Plaintiff to "a light level of exertion." *Id.* The ALJ gave "great weight"

to the State agency consultant at the reconsideration level who adopted the findings at the initial level, but added additional environmental limitations. *Id.* However, the medical consultants at both the initial and reconsideration level limited Plaintiff to sedentary work, not light work. Tr. 86, 102. Both of the consultants also found that Plaintiff was limited to standing or walking for only two hours of a normal workday. Tr. 81, 97.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Snyder v. Ribicoff*, 307 F.2d 518, 529 (4th Cir. 1962)). While the ALJ likely cited enough evidence to satisfy the substantial evidence standard, her misreading of the State agency consultants' opinions is ultimately fatal to her analysis. It is impossible to say whether the ALJ would have reached the same conclusion had she correctly understood that the State agency consultants limited Plaintiff to sedentary work. That is particularly true here, because of the ample evidence in the record that could have supported a finding that Plaintiff was not capable of performing the physical demands of light work. That evidence includes the opinions of her treating physicians, Drs. Magaziner and Martinez.[1] Tr. 1009-14, 1051-55. Furthermore, the ALJ somewhat simplified the purported effectiveness of Plaintiff's pain medications and injections, and may have overstated the significance of the lack of treatment records for the four months leading up the ALJ hearing. *See* Tr. 119-21. The ALJ also claimed, without further explanation, that Plaintiff's "significant activities" undermined Plaintiff's allegations of disabling symptoms. Tr. 119. However, Plaintiff testified that she spends most of her time lying down with her feet elevated, Tr. 19-20, that she cannot drive, *id.*, that she only gets up to go to doctor appointments, Tr. 29, that she spends her days watching television and periodically dozing off for a few minutes, Tr. 35, that she sits in a chair to shower, *id.*, that she can put her clothes on, but needs her son to tie her shoes, *id.*, and that she does not cook or go grocery shopping, but can make a bowl of cereal or a sandwich, Tr. 35-36. Again, considering the weight of the evidence that could have supported an alternative finding, it is impossible to say whether the ALJ would have reached the same conclusion if she had correctly believed that the State agency consultants limited Plaintiff to sedentary work.

At the end of the ALJ's decision, she writes, "Although the undersigned finds the evidence does not support greater limitations than those provided in the residual functional capacity, the vocational expert was asked if jobs would still exist even if the claimant was further limited to sedentary jobs." Tr. 128 (listing three sedentary jobs the VE identified). Under certain circumstances, those "alternative findings" could have been enough to render the error regarding

---

[1] The ALJ assigned "little weight" to both opinions. Tr. 124-25. Reference to those opinions is not meant as a finding that the ALJ's assignment of weight was erroneous. The Court simply notes that there is enough evidence pointing in a different direction that the ALJ may reach a different conclusion upon closer consideration of the State agency consultants' opinions.

the State agency consultants' opinions harmless. However, relying on those alternative sedentary work findings renders a different portion of the ALJ's analysis harmful error, as addressed below.

### III. Medical-Vocational Guidelines

As part of the sequential evaluation of disability, if a claimant is unable to perform past relevant work, the ALJ considers the medical-vocational guidelines, otherwise known as the grids, to aid in determining if the claimant is capable of performing other work. 20 C.F.R. § 404.1569. The grids are divided by exertional level of work, and dictate findings of disabled or not disabled based on the claimant's age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). Social Security regulations define a person ages 18 through 49 as a "younger individual," and a person ages 50 through 54 as an individual "closely approaching advanced age." 20 C.F.R. § 404.1563. An ALJ should "not apply the age categories mechanically in a borderline situation," and if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all factors of [the claimant's] case." *Id.* § 404.1563(b).

The regulations do not define the phrase "a few days to a few months." The SSA's Program Operations Manual System ("POMS") and its Hearings, Appeals, and Litigation Law Manual ("HALLEX") both instruct that, despite there being no "precise programmatic definition," a few days to a few months should be considered "a period not to exceed six months." POMS DI 25015.006(B); HALLEX I-2-2-42(B)(1). The cases in this district have held consistently with that six-month timeframe. *Bell v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1351, 2017 WL 2416906, at *2 (D. Md. June 2, 2017) (affirming where claimant was eight months away from older age category); *Flamer v. Comm'r, Social Sec. Admin.*, Civil No. SAG-14-2260, 2015 WL 2345543, at *3 (D. Md. May 14, 2015) (denying appeal where claimant was a full year away from an older age category); *Handley v. Colvin*, Civil No. TMD 13-991, 2014 WL 4467822, at *9 (D. Md. Sept. 8, 2014) (concluding that "[t]he borderline range falls somewhere around six months from the older age category," but denying appeal because ALJ considered grid rule for the older age category) (citations omitted); *France v. Apfel*, 87 F. Supp. 2d 484, 492 (D. Md. 2000) (granting remand where claimant was five months away from older age category); *Washington v. Apfel*, 40 F. Supp. 2d 326, 329-30 (D. Md. 1999) (awarding benefits where claimant was 22 days away from older age category at time of ALJ decision).

Here, Plaintiff was approximately 49-years-and-seven-months old at the time of the ALJ decision. In other words, she was five months away from being considered "closely approaching advanced age" under the regulations. The ALJ only made an explicit finding that Plaintiff was 47 years old at the time of her alleged disability onset date, placing her in the "younger individual" category. Tr. 127. On appeal, the SSA argues that Plaintiff was "clearly not in a borderline age situation for the majority of the period at issue." ECF 18-1 at 17. However, under the regulations the ALJ must "use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563(b). The period for which the ALJ is responsible for determining disability extends to the date of the ALJ decision. *See* Tr. 128 ("The

claimant has not been under a disability, as defined in the Social Security Act, from December 11, 2015, through the date of this decision."). Therefore, the ALJ cannot ignore the age of a claimant at the time of the decision by focusing on the age at the alleged onset date, or by taking an average of a claimant's age during the disability determination period.

Of course, "[t]he fact that the age categories are not to be applied mechanically ... obviously does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category." *Jackson v. Sullivan*, 960 F.2d 146, 1992 WL 78816, at *3 (4th Cir. 1992) (unpublished table decision) (quoting *Crady v. Sec'y of Health & Human Servs.*, 835 F.2d 617, 622 (6th Cir. 1987)). Therefore, Plaintiff's five-month proximity to "closely approaching advanced age," did not require that the ALJ apply that age category. But, the regulations do require that in borderline situations, if the older age category would result in a finding of disability, the ALJ "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b). On appeal, the SSA cites an outdated version of HALLEX, which it concedes was not in effect at the time of the ALJ decision, that states the ALJ "need not explain the decision to use the claimant's chronological age." ECF 18-1 at 18. However, that portion of HALLEX was replaced in 2016, HALLEX Transmittal No. II-5-11, with a new instruction that "[t]he ALJ will explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered." HALLEX I-2-2-42(C)(5). The ALJ's failure to include an explanation was error, and was not in accordance with the regulation's requirement that she evaluate all the factors of Plaintiff's case in considering whether to apply the older age category.

Had the ALJ's finding that Plaintiff was capable of light work been sound, the ALJ's failure to discuss Plaintiff's borderline age situation would not have been an error. Under the light work level, the grids would direct a finding of "not disabled" regardless of whether Plaintiff was considered a younger individual or an individual closely approaching advanced age.[2] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Tbl. No. 2. The obligation of the ALJ to consider using the older age category is only triggered if "using the older age category would result in a determination or decision that you are disabled." 20 C.F.R. § 404.1563(b). However, as previously explained, the ALJ erred in assessing the State agency consultants' opinions in supporting the conclusion that Plaintiff was capable of light work. As noted, that error could only be deemed harmless if Plaintiff would still have been found "not disabled," even if she was limited to sedentary work. Under the grids at the sedentary level, Plaintiff would have been found disabled if she was considered an individual closely approaching advanced age. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Tbl. No. 1. Therefore, the ALJ was obligated to consider whether the factors in Plaintiff's case warranted use of the older age category. *See* 20 C.F.R. § 404.1563(b). The Court declines the SSA's invitation to assess the factors in Plaintiff's case itself. ECF 18-1 at 17-18. The Fourth Circuit has emphasized in recent years that it is not "the province of the district court [] to engage in these

---

[2] Because the Plaintiff had both exertional and nonexertional limitations, the ALJ could not make a finding of not disabled based solely on the grids, *see* 20 C.F.R. § 404.1569a(d), and therefore properly relied on the testimony of the VE, Tr. 127-28.

exercises in the first instance," particularly when there is conflicting evidence in the record. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Accordingly, this case must be remanded for further explanation, because: (1) the ALJ erred when relying on the State agency consultants to find Plaintiff capable of light work; and (2) alternatively finding Plaintiff limited to sedentary work would render the ALJ's grids analysis deficient.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the evaluation of the medical opinion evidence and the VE testimony. On remand, the ALJ can consider those arguments and determine whether the medical opinions should be weighed any differently, whether the hypothetical posed to the VE should be modified, and whether any apparent conflicts between the VE testimony and the Dictionary of Occupational Titles exist.

### IV. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge